## HAYNES *v.* POWERS.

A demand of dower will be sufficient if it designates the premises in which dower is claimed, with reasonable certainty.

THIS was an action of dower, brought to recover the plaintiff's right in a certain piece of land situated in Alexandria, and bounded as follows. " Beginning at the north-east corner of lot No. 10, thence southerly on the line between this and land owned by Clark Haynes to the road which leads to William A. Bailey's, thence westerly on the road leading to George Bailey's, thence northerly down to the bridge on Little River, so called, thence easterly to the bounds first mentioned."

It appeared that the plaintiff was the widow of James Haynes, late of Alexandria, deceased, and the evidence tended to show

that, during their intermarriage, the said James had owned and occupied the premises described in the writ, and that they were now owned and occupied by the defendant.

It also appeared that there were two or three lots of land in Alexandria, known as No. 10, and that the said James owned other land in that town besides that now owned by the defendant, but it adjoined this piece.

To show a demand, the plaintiff proved that some time before the institution of this suit she caused to be served upon the defendant, a paper of which the following is a copy.

"Alexandria, June 9th, 1849.

MR. JOHN D. POWERS,

Sir, I demand of you my thirds before these witnesses, it being part of lot No. 10, the right of Isaac Fellows, it being the land my husband, James Haynes, deceased, once owned."

MARY + HAYNES.
her
mark.

"Attest,    NATHAN BRIGGS,
MARY BRIGGS."

The defendant excepted to the sufficiency of the demand, upon the ground that the land was not described with sufficient certainty in the notice, inasmuch as it appeared that there were two or three lots No. 10, in Alexandria, and the reference to land once owned by the husband, did not sufficiently identify it, as he had other lands in that town.

The Court ruled the evidence competent to show a demand. A verdict was thereupon taken by consent for the plaintiff, on which it was agreed that judgment should be entered, or the verdict set aside and a new trial granted, as the opinion of the Court should be upon said ruling.

*N. B. Bryant* and *Quincy*, for the plaintiff.

*Tenney* and *H. A. Bellows*, for the defendant.

BELL, J. The demand was sufficient. It called for dower, of the defendant, of course, of land, of which he was tenant; of

part of lot No. 10 ; the right of J. Fellows ; and being land which the husband, J. Haynes, once owned. No evidence was offered, that the lot No. 10, in which the demanded premises were situate, was the right of J. Fellows. Nothing was shown in regard to that ; that circumstance in the description is therefore to be disregarded. As it appeared, that there were several lots numbered 10, in the town, the description of the premises, in which dower was demanded, as No. 10 alone, would be bad for uncertainty. But when it is said in the written demand of dower made upon this tenant, " part of lot No. 10, once owned by J. Haynes," and there is no evidence that either J. Haynes, or the defendant, ever owned any part of any other lot No. 10, there is no pretence of uncertainty, nor chance of mistake. 

*Judgment on the verdict.*